UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA SANDOVAL,<br><br>        Plaintiff,<br><br>    v.<br><br>BEACON ROOFING SUPPLY, INC., et al.,<br><br>        Defendants. | Case No. 22-cv-05552-JSC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

Priscilla Sandoval sued her former employer, Beacon Roofing Supply, Inc., and her former supervisor, Joseph Junsay, in Alameda County Superior Court. Beacon removed to this Court. Plaintiff moves to remand. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion to remand. The hearing scheduled for December 20, 2022, is vacated.

## DISCUSSION

The Court lacks subject matter jurisdiction over Plaintiff's state law claims. Beacon argues this Court has subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332(a). But 28 U.S.C. § 1332(a) requires complete diversity of citizenship to establish federal jurisdiction over state law claims. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[E]ach of the plaintiffs must be a citizen of a different state than each of the defendants.") That is not the case here. According to the complaint's allegations, Sandoval (the plaintiff) and Junsay (a defendant) are both citizens of California. (Dkt. No. 1-1 ¶¶ 1, 7.)[1] Because complete diversity of citizenship does not exist here, this Court lacks subject-matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332(a).

Beacon argues complete diversity exists because Junsay was "fraudulently joined" in the complaint. A defendant invoking federal court diversity jurisdiction based on fraudulent joinder

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

bears a "heavy burden" since there is a "general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). Beacon relies on the latter basis, arguing that Plaintiff fails to state a claim against Junsay. (Dkt. No. 1 ¶¶ 24, 25; Dkt. No. 14 at 13–15.)

But Beacon has not met its burden to establish fraudulent joinder. "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare*, 899 F.3d at 550. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined. *Id.* Rather, for the purposes of fraudulent joinder, a district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* Beacon argues only that Plaintiff failed to plead sufficient facts against Junsay to state a claim for harassment or intentional infliction of emotional distress. (Dkt. No. 1 ¶¶ 24, 25; Dkt. No. 14 at 13–15.) But Beacon does not show that Plaintiff *cannot* plead such facts in an amended complaint in state court. Thus, even assuming Plaintiff fails to state a claim against Junsay in this complaint, Beacon fails to establish that Plaintiff cannot amend the complaint to include further factual support for her claims.

Because Beacon fails to establish fraudulent joinder, complete diversity of citizenship does not exist here. Thus, this Court lacks subject matter jurisdiction under 28 U.S.C. 1332(a).

## CONCLUSION

Plaintiff's motion to remand to Alameda County Superior Court is GRANTED. The pending motion to dismiss, (Dkt. No. 5), is terminated as moot.

This Order disposes of Dkt Nos. 5, 10.

**IT IS SO ORDERED.**

Dated: December 14, 2022

JACQUELINE SCOTT CORLEY
United States District Judge